AMERICAN HOSIERY CO. v. CHARLES W. BAKER, ASSIGNEE.

1. PROMISE TO DO A SPECIFIC THING AT A FUTURE TIME.

A promise by a purchaser to do a specific thing at some time in the future, does not amount to a false representation, upon which an action in replevin, based upon a fraudulent purchase, can be maintained, unless the purchaser, at the time the promise was made, had no intention of fulfilling it.

2. STATEMENT AMOUNTING TO SUCH A PROMISE.

A statement that " the receivership for the A. E. Burkhardt Co. is about to be raised. There are a few legal points to be settled as yet. After that I will reorganize my business on a sound financial basis and a satisfactory statement will be furnished," so far as it relates to the Burkhardt Co's financial condition, is only a promise to do something in the future, yet if, at the time, they had no intention of reorganizing the business on a sound financial basis, the statement would amount to a false representation.

3. CHARGE WHICH IS CONFUSED AND MISLEADING.

A charge that " while a mere promise to pay or do something in the future does not constitute a representation, yet a statement by a purchaser, as to his future intention respecting a material fact, would be a false representation if at the time the purchaser had no such intention," is confused and misleading, for it would be difficult to understand how a statement would become a false representation because the purchaser had no *present* intention as to his *future* intention, respecting a material fact.

4. INSOLVENCY SUFFICIENTLY DEFINED.

The words " nor is it necessary that his assets should be less in amount than his liabilities " added to a charge that "by the term 'insolvency of the buyer' is meant his inability to pay his debts in the usual course of business. It is not necessary that he should have been adjudicated a bankrupt or insolvent debtor," amount simply to a negative statement, which does not enlarge such definition of insolvency, for, by implication, the latter includes the former; and while a charge embracing the two statements might have been proper, a refusal to give it, after giving the charge above set forth, does not constitute prejudicial error.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This was an action in replevin, based on the fraudulent purchase of goods, and in which there was a verdict and judgment for the defendant. The errors assigned are, chiefly, that the verdict is against the weight of the evidence, and that the court erred in refusing to give certain special charges requested by plaintiff. As to the first, it is sufficient to say that the verdict is not manifestly against the weight of the evidence. Special charge three, which the court refused to give, is as follows:

" While a mere promise to pay or to do something in the future does not constitute a representation, yet a statement made by a purchaser, as to his future intention respecting a material fact, would be a false representation if at the time the purchaser had no such intention ; and the financial and property situation of the purchaser, if known to him, can be considered by the jury as evidence in determining whether such intention could in good faith have been entertained by him. If upon the

strength of such representation the goods are sold and delivered, the seller, upon discovery of its falsity, has the right to rescind the sale and recover the possession of the goods by replevin."

Theis charge was designed to cover a statement made by A. E. Burkhardt, the assignor, to-wit:

" The receivership for the A. E. Burkhardt Co. is about to be raised. There are a few legal points to be settled as yet. After that I will reorganize my business on a sound financial basis, and a satisfactory statement will be furnished."

So far as this statement relates to Burkhardt's financial condition, it is only a promise to do something in the future, and, as the charge itself admits, does not alone amount to a false representation; yet if at the time he had no intention of reorganizing his business on a sound financial basis, the statement would amount to a false representation. On this point the charge is confused and misleading, for it is difficult to understand how a statement would become a false representation because the purchaser had no *present* intention as to his *future* intention, respecting a material fact. The meaning intended probably was that if the purchaser had no present intention to do that which he had promised, it would amount to a false representation, and the general charge of the court contains substantially this instruction.

The remaining error was the refusal of the court to give special charge four, to-wit:

"By the term 'insolvency of the buyer' is meant his inability to pay his debts in the usual course of business. It is not necessary that he should have been adjudicated a bankrupt or insolvent debtor; nor is it necessary that his assets should be less in amount than his liabilities."

The court was also asked to give, and did give, special charge two, which is identical with the above charge, except the last clause, as to assets and liabilities, is omitted, which latter clause is simply a negative statement that does not enlarge the definition of insolvency, given in special charge two, for, by implication, the latter includes the former, and although charge four may have been proper, the refusal to give it, after giving charge two, was not prejudicial to plaintiff.

The judgment will, therefore, be affirmed.

*Jacob Schroder*, for plaintiff in error.

*Charles W. Baker*, contra.